IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-50-D

BRIAN A. ARNOLD, )
)
Plaintiff, )
)
v. ) **ORDER**
)
PHOENIX SPIRIT GROUP, LLC, )
and BILLY AYERS, )
)
Defendants. )

On March 26, 2018, Brian A. Arnold ("Arnold" or "plaintiff") filed a complaint against Phoenix Spirit Group, LLC ("Phoenix") and Billy Ayers ("Ayers") (collectively with Phoenix, "defendants") [D.E. 1]. Arnold alleges that defendants fired him due to his military service as a reserve officer in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 ("USERRA"). Id. On September 12, 2019, the court entered a default judgement in favor of Arnold against Phoenix and Ayers [D.E. 15]. On October 11, 2019, defendants moved for relief from the default judgment under Rule 60(b) of the Federal Rules of Civil Procedure [D.E. 17] and filed a memorandum and documents in support [D.E. 17-1]. On October 14, 2019, Arnold responded in opposition [D.E. 19] and filed documents in support [D.E. 19-1–19-4]. As explained below, the court denies defendants' motion.

I.

Phoenix is a South Carolina company with an office in Hampstead, North Carolina. See Compl. [D.E. 1] ¶¶ 2, 3.[1] The company provides "traffic services" in North Carolina through

---

[1] When the clerk enters a default judgment against a defendant, the defendant is deemed to "admit[] the plaintiff's well-pleaded allegations of fact" contained in the complaint. Ryan v.

contracts it enters with the North Carolina Department of Transportation. See id. at ¶ 4. Ayers resides in Pender County, North Carolina, and owns Phoenix. See id. at ¶¶ 5–6. As the owner of Phoenix, Ayers is responsible for the company's "employment-related decisions." Id. at ¶ 6.

Arnold resides in Lake Station, Indiana, and has served in the Indiana National Guard ("ING") since November 28, 2011. See id. at ¶¶ 1, 11. In January 2017, Ayers hired Arnold to work for Phoenix. See id. at ¶ 12. Defendants were aware of Arnold's service in the ING, and Arnold provided notice of each period of service as required under USERRA. See id. at ¶¶ 14–15. On March 27, 2017, Ayers fired Arnold via text message because of his ING-mandated absences "causing inconvenience" to Phoenix. See id. at ¶¶ 16–17.

On March 26, 2018, Arnold filed a complaint in this court alleging that defendants fired him because of his service in the ING and thereby violated USERRA. See id. at ¶¶ 18–26. On March 27, 2018, the clerk of court issued summonses to Phoenix and Ayers [D.E. 7]. On July 6, 2018, Arnold returned the executed summonses [D.E. 8, 9]. On June 18, 2018, a North Carolina process server personally served the summonses on defendants at an address listed as 2821 N. Kerr Avenue in Wilmington, North Carolina. See [D.E. 8, 9]. On August 2, 2018, the clerk of court sent Arnold a notice directing him to proceed under Rule 55(a) of the Federal Rules of Civil Procedure after defendants failed to answer his complaint [D.E. 10]. On August 21, 2018, Arnold moved for entry of default [D.E. 11], and filed documents in support [D.E. 11-1, 11-2]. On February 19, 2019, the clerk of court granted Arnold's motion and entered default against defendants [D.E. 13]. On

---

Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quotation omitted); see Thomson v. Wooster, 114 U.S. 104, 113 (1885); Harris v. Blue Ridge Health Servs., Inc., 388 F. Supp. 3d 633, 637 (M.D.N.C. 2019); J & J Sports Prods., Inc. v. Romenski, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012). On February 19, 2019, the clerk of court entered default against defendants [D.E. 13]. Accordingly, the court bases its findings and conclusions on the facts in Arnold's well-pleaded complaint.

2

September 12, 2019, this court entered default judgment against defendants under Rule 55(b)(1) of the Federal Rules of Civil Procedure [D.E. 15].

II.

A party moving for relief from default judgment under Rule 60(b) of the Federal Rules of Civil Procedure must first demonstrate that its motion is timely, that it has a meritorious claim or defense, that the nonmoving party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances justify relief. See, e.g., United States v. Welsh, 879 F.3d 530, 533 (4th Cir. 2018), cert. denied, 139 S. Ct. 1168 (2019); Robinson v. Wix Filtrate Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Werner v. Carbo, 731 F.2d 204, 206–07 (4th Cir. 1984). If the moving party meets it initial burden, then the moving party also must "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266; see Welsh, 879 F.3d at 533.

A.

To demonstrate that its motion is timely under Rule 60(b), defendants must show that they moved for relief "within a reasonable time . . . no[t] more than a year after the entry of judgment." Fed. R. Civ. P. 60(c); see Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 300 (4th Cir. 2017); Moses v. Joyner, 815 F.3d 163, 166 (4th Cir. 2016); Werner, 731 F.2d at 207 n.1. Defendants filed their Rule 60(b) motion approximately one month after the court entered the default judgment. Thus, defendants' motion is timely. See Wells Fargo Bank, 859 F.3d at 300.

As for a meritorious defense, defendants must make "a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988); see Cent. Operating Co. v. Util. Workers of Am., 491 F.2d 245, 252 n.8 (4th Cir. 1974); Hummel v. Hall, 868

3

F. Supp. 2d 543, 561 (W.D. Va. 2012). "The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default." Augusta Fiberglass, 843 F.2d at 812 (alterations and quotation omitted). Although defendants cannot rely on bare allegations of a defense, the burden of proof is less than a preponderance and requires only "mere assertion of facts constituting a meritorious defense in an original complaint." Cent. Operating Co., 491 F.2d at 252 n.8; see Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969); Ebersole v. Kline-Perry, 292 F.R.D. 316, 321 (E.D.Va. 2013). The absence of personal jurisdiction is a meritorious defense. See Vinten v. Jeantot Marine Alliances, S.A., 191 F. Supp. 2d 642, 651 (D.S.C. 2002).

In his affidavit, Ayers asserts that he did not receive personal service from Arnold and that he did not receive service on behalf of Phoenix. See [D.E. 17-1] 13. Thus, Ayers argues that the court lacks personal jurisdiction over defendants. Although Arnold disputes the defendants' assertion, see [D.E. 19] 5, defendants' showing constitutes a "mere assertion" of facts supporting a meritorious defense. See Cent. Operating Co., 491 F.2d at 253 n.8.

As for unfair prejudice, Arnold suggests that he will suffer unfair prejudice because he has relied on the court's judgment. For example, Arnold claims that he will suffer continued litigation costs, both in time and money, if the court vacates its judgment. The court, however, need not resolve the issue of unfair prejudice. Although the court must "give some . . . consideration" to unfair prejudice, this factor is "not controlling." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979); see Gray, 1 F.3d at 265; Specialized Loan Servicing, LLC v. Devita, No. 5:18-CV-283, 2019 WL 6655405, at *3 (E.D.N.C. Mar. 14, 2019) (unpublished).

As for extraordinary circumstances, "[i]n determining whether to [grant a Rule 60(b) motion], the courts must engage in the delicate balancing of the sanctity of final judgments,

4

expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of all the facts." Compton, 608 F.2d at 102 (quotation omitted); see Welch, 879 F.3d at 536. Although defendants fail to directly address this factor, it weighs in Arnold's favor. Arnold filed a complaint against Phoenix with the Veteran's Employment and Training Service of the United States Department of Labor ("DOL") alleging violations of USERRA, and Phoenix participated in the DOL complaint process. See [D.E. 19-2]. Furthermore, the DOL investigator "advised Mr. Arnold that he may continue to pursue the matter through private counsel in a court of competent jurisdiction." Id. Defendants were on notice that Arnold might pursue a USERRA claim. Moreover, defendants do not assert that they lacked actual notice of Arnold's complaint or contend that the alleged failure of process arose from exceptional circumstances. Cf. Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314–15 (1950); Snider Int'l Corp. v. Town of Forest Heights, 739 F.3d 140, 146 (4th Cir. 2014); Armco, Inc. v. Penrod-Stauffer Bldg. Syst., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Accordingly, defendants fail to satisfy the threshold requirements of Rule 60(b).

B.

Alternatively, defendants contend that they are entitled to relief under Rule 60(b)(1), but do not argue this point in their motion. Cf. [D.E. 17-1]. Under Rule 60(b)(1), the court "may relieve a party . . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); see Robinson, 599 F.3d at 412; Augusta Fiberglass, 843 F.2d at 811–12; Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). Failure to respond to court filings might constitute excusable neglect in certain circumstances. See Augusta Fiberglass, 843 F.2d at 811–12; Park, 812 F.2d at 896–97. If the court attributes a party's failure to respond to its lawyer, the failure can be excusable. See Augusta Fiberglass, 843 F.2d at 812. If the

5

court finds that a party "fail[s] to offer . . . any excuse at all [] for its failure to respond" to court filings, the failure is not excusable. Park, 812 F.2d at 897. Defendants, like the defendants in Park, fail to offer any excuse concerning why they did not respond to Arnold's complaint or subsequent filings. Defendants also do not contend that they were not aware of the lawsuit. See [D.E. 17-1] 13. Accordingly, the court rejects defendants' Rule 60(b)(1) argument.

Next, defendants argue the default judgment is void under Rule 60(b)(4) for lack of subject-matter and personal jurisdiction. Generally, courts construe Rule 60(b)(4) narrowly. See Welsh, 879 F.3d at 533–34; Wendt v. Leonard, 431 F.3d 410, 412–13 (4th Cir. 2005); Kan. City S. Ry. Co. v. Great Lakes Carbon Corp., 624 F.2d 822, 825 n.5 (8th Cir. 1980). Under Rule 60(b)(4), "[a]n order is void only if the court lacked personal or subject[-]matter jurisdiction or acted contrary to due process of law." Wells Fargo Bank, 859 F.3d at 299 (quotation omitted); see Wendt, 431 F.3d at 413. "Only when the jurisdictional error is egregious will courts treat the judgment as void." Wendt, 431 F.3d at 413 (quotation omitted). A jurisdictional error is egregious only if there exists "a total want of jurisdiction" or "no arguable basis on which [the court] could have rested a finding that it had jurisdiction." Id. (quotation omitted); see Welsh, 879 F.3d at 533–34.

As for subject-matter jurisdiction, only statutes that concern "the power of the court" affect subject-matter jurisdiction. Landgraf v. USI Film Prods., 511 U.S. 244, 274 (1994); see Welsh, 879 F.3d at 534–35. Statutes addressing "the rights or obligations of the parties" do not affect subject-matter jurisdiction. Landgraf, 511 U.S. at 274; see Welsh, 879 F.3d at 534. Accordingly, "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." Arbaugh v. Y & H Corp., 546 U.S. 500, 515–16 (2006); see Welsh, 879 F.3d at 534; cf. Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 163 (2010). A statutory limitation is jurisdictional only if Congress "clearly state[s]" the jurisdictional

6

requirement. Muchnick, 559 U.S. at 162 (alteration omitted); see Arbaugh, 564 U.S. at 515.

Defendants argue that Arnold was not a Phoenix employee. Thus, defendants contend that Arnold does not meet USERRA's employment requirements and that this court lacks subject-matter jurisdiction. See [D.E. 17-1] 3–6; 38 U.S.C. § 4311(a).

The court rejects the argument. USERRA does not require a plaintiff to meet USERRA's employment requirements in order to establish a court's subject-matter jurisdiction over a USERRA claim. See 38 U.S.C. §§ 4303, 4311. Defendants' assertions concerning whether Arnold was an employee of Phoenix address only the "rights and obligations of the parties." See [D.E. 17-1] 3–6; Landgraf, 511 U.S. at 274; Welsh, 879 F.3d at 534. Accordingly, the court rejects defendants' subject-matter jurisdiction argument.

As for personal jurisdiction, defendants argue that Ayers and Phoenix were never properly served with process. See [D.E. 17-1] 6–10. Service of process is "fundamental to any procedural imposition on a named defendant." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); see Fed. R. Civ. P. 12(b)(5); Pitts v. O'Geary, 914 F. Supp. 2d 729, 733 (E.D.N.C. 2012). Absent waiver of service of process or consent, a plaintiff's failure to properly serve process deprives the court of personal jurisdiction over a defendant. See, e.g., Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); Fed. Dep. Ins. Corp. v. Schaffer, 731 F.2d 1134, 1135–36 (4th Cir. 1984); Cherry v. Spence, 249 F.R.D. 226, 228–29 (E.D.N.C. 2008). Accordingly, "[a] judgment entered against a party over whom a court lacks personal jurisdiction is void and furnishes a ground for relief under Fed. R. Civ. P. 60(b)(4)." Schaffer, 731 F.2d at 1136; see In re Penco Corp., 465 F.2d 693, 694 n.1 (4th Cir.1972).

"[A] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence." Ramsey v. Sanibel & Lancaster, No. 2:11cv207,

2015 WL 3830891, at *6 (E.D. Va. June 19, 2015) (unpublished) (quotation omitted); see Homer v. Jones-Bey, 415 F.3d 748, 752 (7th Cir. 2005); O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993); United States v. Palmer, No. 2:17cv223, 2018 WL 1885509, at *4 (E.D. Va. Mar. 26, 2018) (unpublished). "Once such a prima facie showing is made, the burden shifts to the attested defendant to demonstrate that service was not received." Jones-Bey, 415 F.3d at 752 (emphasis omitted); see Jones v. Jones, 217 F.2d 239, 242 (7th Cir. 1954); Ramsey, 2015 WL 3830891, at *6.

Arnold filed proof of personal service for both Ayers and Phoenix, and the process server attested under penalty of perjury that she served each defendant on June 18, 2018, at 2821 N. Kerr Ave., Wilmington, N.C. See [D.E. 8, 9]. Although the process server delivered the summonses at an address that varies from the address in the summonses, the court takes judicial notice that the delivery address—2821 N. Kerr Avenue, Wilmington, N.C.—is one of Phoenix's address. Cf. Jeandron v. Bd. of Regents of Univ. Sys. of Md., 510 F. App'x. 223, 227–28 (4th Cir. 2013) (per curiam) (unpublished); cf. O'Toole v. Northrop Grumman Corp., 499 F.3d 1218, 1225 (10th Cir. 2007).[2] Accordingly, the process server's attestation provides prima facie evidence of valid service. Cf. Ramsey, 2015 WL 3830891, at *6.

As for Ayers, defendants assert that "Ayers was never, in fact, served with process" and offers Ayers's affidavit stating the same as support. [D.E. 17-1] 8, 13. Similarly, defendants

---

[2] Arnold's attorney submitted an affidavit attesting that in addition to the process server, he mailed by first class mail a waiver of service of summons, a copy of the complaint, and a cover letter to each defendant. See [D.E. 11-1] ¶ 4. Defendants do not contend that they lacked actual notice of Arnold's lawsuit. Although counsel's mailing is not proper service under either the Federal or North Carolina Rules of Civil Procedure, the mailing bolsters the conclusion that defendants had actual knowledge of Arnold's complaint yet did nothing in response. Cf. Mullane, 339 U.S. at 314–15; Snider Int'l Corp., 739 F.3d at 146; Armco, Inc., 733 F.2d at 1089.

contend that because Ayers was never served with process on behalf of Phoenix, Phoenix "was never served with process," again relying on Ayers's affidavit for support. Id. at 10.

Defendants do not offer any evidence other than Ayers's conclusory affidavit in support of their contention and do not counter the evidence that Arnold provided in support of proper service. Defendants' sworn denial of service, without "specific facts to rebut the statements in the process server's affidavits," fails to demonstrate convincing evidence that the default judgment is void. Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 58 (2d Cir. 2002) (quotation omitted); see Friedman v. Schiano, 777 F. App'x 324, 328–29 (11th Cir. 2019) (per curiam) (unpublished); Boissier v. Katsur, 676 F. App'x 260, 263 (5th Cir. 2017) (per curiam) (unpublished); Cablevision Sys. New York City Corp. v. Okolo, 197 F. App'x 61, 62 (2d Cir. 2006) (unpublished); Jones, 217 F.2d at 241–42. Accordingly, the court finds that defendants were properly served and rejects defendants' motion under Rule 60(b)(4).

III.

In sum, the court DENIES defendants' motion for relief from default judgment [D.E. 17]. SO ORDERED. This 7 day of April 2020.

JAMES C. DEVER III
United States District Judge

9